UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05972-BFM **Date:** October 19, 2026

**Title:** *Charles Alexander Ponzon Deroy v. Warden, et al.*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Charles Alexander Ponzon Deroy filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 8, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen from Venezuela who is currently detained at the Desert View Facility, within the Central District of California. (Pet. ¶ 1; ECF 1-1 at 35.) He applied for admission into the United States in January 2024, and was paroled into the country. (Pet. ¶ 1; ECF 1-1 at 4.) He subsequently applied for asylum and was granted work authorization. (Pet. ¶¶ 2, 4.)

Petitioner was detained while at a work assignment on a military base. (Pet. ¶ 7.) He was provided no notice, no warrant, no pre-deprivation hearing, and no opportunity to be heard regarding his detention. (Pet. ¶ 7.)

Petitioner filed this Petition, alleging that his re-detention after release on parole violated due process. (Pet. ¶¶ 21-24, 32-34.) He asked for an order releasing him on the terms previously set, along with other relief. (Pet. at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05972-BFM **Date:** October 19, 2026

**Title:** *Charles Alexander Ponzon Deroy v. Warden, et al.*

==========================================================

Respondents have not appeared and have not filed an opposition within the time permitted by General Order 26-05. (*See* ECF 6.)[1] Petitioner filed a notice of Respondents' failure to respond. (ECF 8.) Based on the lack of response, the Court declines to hold the Petition waiting for Petitioner's reply and instead deems the Petition fully briefed and ready for decision.

## II. Analysis

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last term, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at

[1] *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026) ("The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits."). Respondents' notice of appearance was due October 13, 2026, and its answer would have been due October 16, 2026. The Court thus presumes that this case is one in which the U.S. Attorney's Office does not intend to appear and treats the Petition as unopposed.

bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued in Claim One that the failure of process surrounding his re-detention warranted outright release. (Pet. ¶¶ 21-22, 24-29.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *1 (C.D. Cal. July 2, 2026); *Zhou v. Janecka*, No. 5:26-cv-04167-DTB (C.D. Cal. Aug. 14, 2026).

Though Petitioner made an argument for release, Respondents did not respond to it, not even in summary form. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be

granted based on Respondents' failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where, like here, the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court orders that the Petition be granted, and that Petitioner be ordered released.

## III. Conclusion

Accordingly, Claim One in the Petition (ECF 1) is **granted**. Petitioner Charles Alexander Ponzon Deroy (A# 244-358-497) shall be immediately released on the conditions previously imposed. Any property confiscated during his arrest shall be returned to him. Claim Two is denied as moot in light of the relief granted on Claim One.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05972-BFM **Date:** October 19, 2026

**Title:** *Charles Alexander Ponzon Deroy v. Warden, et al.*

==================================================================

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, counsel shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

The Court declines to enter the specific future injunctive relief sought (Pet. at 10); the process provided in this case is inadequate but the Court is not inclined to dictate the minimum procedure that would comply with due process.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch